Charles A. Loreto, J.
Motion by respondent Remington Rand, Division of Sperry Rand Corporation, for an order, pursuant to subdivision 2 of section 1458 of the Civil Practice *830 Act, staying a proposed arbitration with respect to the transfer of two labor grade 12 servicemen to the company’s Garden City district office, or any similar issue. In opposition, the petitioner Local 459, International Union of Electrical, Radio & Machine Workers, AFL-CIO, moves for an order, pursuant to article 84 of the Civil Practice Act, compelling the respondent to arbitrate the grievance concerning such transfer.
The respondent company and petitioner union are parties to a collective bargaining agreement, dated March 18, 1958, which provided for arbitration of any grievances or disputes between the parties under the agreement. On June 1, 1959 the union served a 10-day notice of intention to arbitrate its asserted grievance, charging the respondent with violating the collective bargaining agreement, in transferring two labor grade 12 servicemen to its Garden City district office without regard to seniority.
The respondent company in its moving papers does not challenge the applicability of the seniority provision in the contract and impliedly concedes that the transfer involved the interpretation of such provision, but seeks, however, a stay, claiming that the union has failed to strictly adhere to certain procedural requirements set forth in the arbitration provision of the applicable collective agreement, asserting that the grievance was not reduced to writing, that the first two steps of the grievance procedure were by-passed, and that no attempt was made by the arbitrators designated by the parties to agree upon an impartial chairman prior to asking the American Arbitration Association to make an appointment.
The petitioner union, on the other hand, contends that there was substantial compliance, in that the requirement that grievances be reduced to writing had fallen into disuse over the years and hence need not be complied with; that the letters dated December 5,16 and 29,1958 of the union’s business agent constituted a reduction to writing of this grievance, there being no requirement that a written grievance be filed at the outset; and that the first two steps of the grievance procedure were expressly waived by the company’s general service manager, and that the company’s refusal to appoint its designee to the tri-partite arbitration board made impossible any attempt to agree upon an impartial chairman.
The arbitration agreement sets forth the several procedural steps to be followed in order to institute arbitration proceedings. The first step required is written notice of the grievance, which must be given within 30 days after the act complained about took place. Such written notice clearly was not given within *831 the 30-day period. The court does not agree with the contention that the company intended that the first two procedural steps might be by-passed or that the manner of the disposition of other grievances in the past, operated as a waiver of the requirement of a written grievance. Whatever may have been the manner of disposition of other grievances in the past, it appears that in this case the company insisted upon adherence to the procedural steps precedent to arbitration specified in the agreement. As the union invokes the court’s aid by virtue of and under the agreement, not having complied with its terms, it is not entitled to the relief here requested.
Accordingly, the motion for a stay of arbitration is granted and the motion to compel arbitration is denied.
Settle order.